IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CELSIUS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:25-cv-785 |
| | ) | |
| WYATT FRANK HAWKINS, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

Plaintiff Celsius, Inc. ("Celsius" or "Plaintiff"), by its attorneys and for its Complaint against Wyatt Frank Hawkins ("Defendant"), alleges:

## NATURE OF THE ACTION

1. Plaintiff brings this action to rectify the damages caused to Plaintiff's reputation and business based on the false, harmful, and defamatory statements Defendant made and published about Plaintiff and Plaintiff's products by Defendant on his social media accounts.

2. Defendant's false and malicious statements, which have been viewed more than 2 million times, disparage the character of Plaintiff's business and misrepresent the quality and safety of Plaintiff's products.

3. In an effort to avoid litigation, Plaintiff has made multiple requests of Defendant to cease and desist his ongoing publication of the false, harmful, and defamatory statements, but Defendant has refused to do so.

4. Therefore, to stop this unlawful conduct and recover the damages caused by it, Plaintiff brings this action under Texas law seeking monetary relief in the form of general, specific, and exemplary damages from Defendant for libel, slander, and business disparagement.

1

## THE PARTIES

5. Plaintiff Celsius is a Nevada corporation with its principal place of business at 2381 NW Executive Center Dr., 4th Floor, Boca Raton, FL 33431.

6. Defendant is an individual who is domiciled in the State of Texas with his primary address being 15301 Storm Dr., Austin, TX 78734.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship and the amount in controversy, exclusive of interests and costs, exceeds $75,000.

8. This Court has personal jurisdiction over Defendant because he is, and has been at all times relevant to this action, domiciled in the State of Texas.

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant is a natural person whose residence is, and has been at all times relevant to this action, in this judicial district.

## FACTUAL BACKGROUND

*The Celsius Brand*

10. Founded in 2004, Celsius is an American functional nutrition and lifestyle company widely known for producing the premium lifestyle CELSIUS energy drink.

11. Celsius offers a better-for-you alternative to traditional energy drinks that are high in sugar and other ingredients. Its products include a wide variety of fruit-flavored beverages containing a proprietary blend of ingredients meant to boost consumers' energy levels and metabolic function when combined with exercise. Two of the company's well-known taglines are "LIVE FIT" and "Your Ultimate Fitness Partner."

12.     Celsius credits its success to building and supporting a community of people who are dedicated to living an active and healthy lifestyle, as well as its focus on ingredients that provide functional benefits to consumers. CELSIUS-branded beverages contain no sugar, aspartame, high fructose corn syrup, artificial flavors, or artificial colors.

13.     Celsius's proprietary blend of ingredients is formulated to activate thermogenesis, a process that boosts one's metabolic rate to promote the burning of calories and body fat when combined with exercise. This blend is backed by six published and peer-reviewed university studies.

*Defendant's Social Media Posts*

14.     Defendant is an active user of Instagram and TikTok under the username "wyatthwkns."

15.     Defendant, through his public Instagram and TikTok accounts with the above-referenced username, frequently makes videos with claims about various products and lifestyle choices, with an alleged focus on health and wellness.

16.     In April of 2025, Defendant began posting a series of videos entitled "killing us slowly," where Defendant makes spurious and sensationalist claims about the health and safety of various beverages and then recommends alternatives that he deems superior. These videos feature the Defendant speaking to the camera with Defendant's corresponding words appearing on the screen.

17.     Defendant begins every video in this series with the statement that "[t]hey're killing us slowly, man."

18.     On or about May 6, 2025, Defendant released Part 2 of the "killing us slowly" series in which he "reviewed" the ingredients of Celsius (the "Defamatory Video"), which he describes as "a f****** grocery list of s*** ingredients. . ."[1]

---

[1] The Defamatory Video can be viewed here: https://www.instagram.com/reel/DJR3GHSO4EN & https://www.tiktok.com/@wyatthwkns/video/7501003028489653534

3

19. Defendant, allegedly based on an undefined search on the online platform ChatGPT, makes specific and unfounded claims about two ingredients found in Celsius's beverages – pyridoxine hydrochloride and chromium chelate. Defendant claims, without support, that "pyridoxine hydrochloride is neurotoxic as f***" and that "chromium chelate has literally been proved to cause DNA damage."

20. Both of these statements are, particularly as it relates to the amounts of each ingredient found in Celsius products, misleading, false, and unsupported by any scientific or clinical evidence. Pyridoxine hydrochloride is simply the chemical name for an FDA-approved form Vitamin B6 that has been classified as "Generally Recognized as Safe" for direct use in foods since the 1980s. Chromium chelate is a bioavailable form of an essential trace mineral and there is no scientific basis that normal dietary chromium intake causes "DNA damage" in humans.

21. Defendant then states, again without any support, that "[t]here's like five more ingredients in Celsius that are, I promise you, the list is just as bad and the side effects are even worse."

22. Defendant uses these egregious misrepresentations as to the safety of these ingredients to portray Celsius's products as harmful, indeed deadly, to a consumer. In the Defamatory Video, Defendant portrays these misrepresentations as factual.

23. Defendant ends the Defamatory Video by stating: "Anyone who drinks Celsius you should seriously flip over the can and just read the ingredient list. The ingredients themselves without knowing what the side effects and what the additives actually are just sounds scary. There's a reason Celsius has become popularized there's a reason that they push it. . ."

24. The above statements plainly imply that Celsius is deceptively marketing its products and is knowingly and intentionally harming its consumers.

25. The collective falsehoods in the Defamatory Video, which now have more than 2.3 million views on Instagram and more than thirty-six thousand views on TikTok as of the time of this filing, clearly disparage the quality and safety of Celsius products and directly injures the reputation of the Celsius brand.

***Defendant Refuses to Take Down His Video or Retract his Defamatory Statements.***

26. On May 13, 2025, Plaintiff, in a good faith effort to resolve this matter without the need for escalation, sent Defendant a Cease-and-Desist Demand outlining the falsities in the Defamatory Video and demanding, among other actions, that Defendant remove the Defamatory Video, retract his false and misleading allegations, and refrain from making any additional videos defaming Celsius or its products.

27. Shortly after Plaintiff sent its Cease-and-Desist Demand, Defendant posted another video discussing Celsius' Cease and Desist Demand and doubling down on his claims in his original video (the "Follow-Up Video").[2] The Follow-Up Video now has more than 2.1 million views on Instagram and more than one hundred thirty-nine thousand views on TikTok as of the time of this filing.

28. As of the date of this filing, and despite Celsius's continued good-faith efforts to communicate with Defendant in hopes of resolving this matter amicably, Defendant has continued to publish both videos. Together, these videos are two of Defendant's most viewed posts on his public Instagram page.

29. Defendant, who has recently launched his own wellness and exercise brand, is making salacious and inflammatory statements about Celsius to boost his personal and professional brand

---

[2] The Follow-Up Video can be viewed here:
https://www.instagram.com/reel/DJnX81MuBom/?igsh=YmQxem1vYnprenBy &
https://www.tiktok.com/@wyatthwkns/video/7504102685310749983

and to generate revenues and profits from disparaging Celsius's well-established and popular brand. As such, it was directly to Defendant's personal and economic benefit to make these false and misleading statements about Celsius knowing they were false or, in the alternative, recklessly proceeding without confirming or caring about the accuracy of his statements.

30. Defendant knows his statements are false, or at a minimum, has recklessly disregarded their truth or falsity. In response to Defendant's Defamatory Video, and in addition to the detailed information Celsius provided to Defendant as to the false and misleading statements in his Defamatory Videos, multiple commenters provided scientific explanations as to the inaccuracies of Defendant's statement and Defendant acknowledged many of these commenters. Despite being repeatedly informed of the inaccurate and misleading nature of his statements, Defendant proceeded to publish his Follow-Up Video in which he doubled down on his original statements.

*Harms Caused By Defendant's Actions*

31. Defendant's conduct has caused Celsius ongoing harm:

   a. The Defamatory Video contains significant false allegations about the quality and safety of Celsius's product which negatively impacts Celsius's sales of its products. Specifically, initial data demonstrates that there was a decrease in its sales the week following Defendant's Defamatory Video. This corresponds with initial marketing data that reflects a decrease in corporate reputation from sampled social media users who have reported previously purchasing Celsius;

   b. The Defamatory Video directly damages Celsius's reputation, as demonstrated by the initial data mentioned above, by alleging and/or implying that Celsius is intentionally harming its consumers;

    c. The Follow-Up Video amplifies the statements made in the Defamatory Video and thus compounds the economic and reputational injuries to Celsius;

    d. Celsius has lost goodwill as a result of these videos; and

    e. Celsius's damages are likely to continue to increase the longer Defendant's videos remain published.

## **COUNT I – LIBEL**

32. Celsius restates and re-alleges the allegations set forth in the preceding paragraphs and incorporates them by reference as if fully set forth here.

33. Defendant's Defamatory Video, which is published to his public Instagram and TikTok pages, includes defamations in both written and graphic form.

34. The written statements in the Defamatory Video include false and misleading claims that have injured and will continue to injure Celsius's reputation as a company.

35. Defendant's written statements in the Defamatory Video, which include allegations that Celsius is knowingly pushing chemicals that are "neurotoxic" and "cause DNA damage" to its consumers, cause obvious harm to Celsius's reputation.

36. Defendant's statements in the Defamatory Video were made without privilege and were made with reckless disregard for the falsity of those statements, or, in the alternative, were negligently made.

37. Defendant's defamatory statements have harmed and will continue to harm Celsius's reputation.

38. The reputational harm caused by Defendant's defamatory statements has negatively impacted and will continue to negatively impact Celsius's business as well.

39. Under Texas law, Defendant has committed libel against Plaintiff.

40. Accordingly, Celsius seeks general and special damages for the harms caused by Defendant's defamatory written statements.

41. Celsius's injury resulted from Defendant's malice, which also entitles Celsius to exemplary damages under Tex. Civ. Prac. & Rem. Code § 41.003(a).

## **COUNT II – SLANDER**

42. Celsius restates and re-alleges the allegations set forth in the preceding paragraphs and incorporates them by reference as if fully set forth here.

43. Defendant's Defamatory Video, which is published to his public Instagram and TikTok pages, includes defamatory oral statements.

44. The oral statements in the Defamatory Video include false and misleading claims that have injured and will continue to injure Celsius's reputation as a company.

45. Defendant's oral statements in the Defamatory Video, which include allegations that Celsius is knowingly pushing chemicals that are "neurotoxic" and "cause DNA damage" to its consumers, cause obvious harm to Celsius's reputation.

46. Defendant's statements in the Defamatory Video were made without privilege and were made with reckless disregard for the falsity of those statements, or, in the alternative, were negligently made.

47. Defendant's defamatory statements have harmed and will continue to harm Celsius's reputation.

48. The reputational harm caused by Defendant's defamatory statements has negatively impacted and will continue to negatively impact Celsius's business as well.

49. Under Texas law, Defendant has committed slander against Plaintiff.

50. Accordingly, Celsius seeks general and special damages for the harms caused by Defendant's defamatory written statements.

51. Celsius's injury resulted from Defendant's malice, which also entitles Celsius to exemplary damages under Tex. Civ. Prac. & Rem. Code § 41.003(a).

## COUNT III – BUSINESS DISPARAGEMENT

52. Celsius restates and re-alleges the allegations set forth in the preceding paragraphs and incorporates them by reference as if fully set forth here.

53. Defendant, on his public social media page, published false, misleading, and disparaging statements about the quality and safety of Celsius's products.

54. Defendant's false, misleading, and disparaging statements include allegations that: (1) Celsius's products are "killing" people who consume it; (2) Celsius's products contain neurotoxins; (3) Celsius's products include chemicals that "cause DNA damage"; (4) Celsius's products contain "like five more ingredients" that are "just as bad and the side effects are even worse" than the two ingredients that Defendant specifically highlighted; (5) Celsius products contain high enough concentrations of the above chemicals to cause concern to consumers; and (6) Celsius knows about these allegedly toxic and dangerous chemicals in its products and still pushes these products on consumers. These statements are disparaging because they cause Celsius's existing and prospective customers to question the quality and safety of Celsius's products.

55. Defendant's defamatory statements, which were coupled with a recommendation for an alternative beverage option, were clearly intended to cause economic harm to Celsius.

56. Defendant's statements in the Defamatory Video were made with reckless disregard for the falsity of those statements.

57. Defendant published the statements with malice and without privilege.

58. Defendant's false statements have caused and will continue to cause Celsius special damages. Because of Defendant's statements, Celsius has lost sales from former and prospective customers.

59. Also, because of Defendant's statements, Celsius's goodwill has been harmed. This loss of business and harm to goodwill amounts to special damages.

60. Under Texas law, Defendant has committed business disparagement against Plaintiff.

61. Celsius's injury resulted from Defendant's malice, which entitles Celsius to exemplary damages under Tex. Civ. Prac. & Rem. Code § 41.003(a).

## **PRAYER FOR RELIEF**

WHEREFORE, Celsius prays for judgment as follows:

    A. General damages in an amount to be determined at trial;

    B. Special damages in an amount to be determined at trial;

    C. Exemplary damages in an amount to be determined at trial;

    D. Prejudgment and post-judgment interest;

    E. Attorneys' fees as allowed by law; and

    F. Any other additional relief to which Celsius may be entitled.

Dated: May 23, 2025                              Respectfully submitted,

                                                  By: */s/ Jared Slade*

                                                  Jared M. Slade, Esq.
                                                  Texas Bar No. 24060618
                                                  Email: Jared.Slade@alston.com
                                                  Phone: 214-922-3400
                                                  Facsimile: 214-922-3899
                                                  **ALSTON & BIRD LLP**
                                                  2200 Ross Avenue, Suite 2300
                                                  Dallas, Texas 75201

                                                  Joseph G. Tully, Esq. (*Pro Hac Vice Forthcoming*)
                                                  New York Bar No. 4441143
                                                  Email: Joe.Tully@alston.com
                                                  Phone: 212-210-9400
                                                  Facsimile: 212-210-9444
                                                  **ALSTON & BIRD LLP**
                                                  90 Park Ave.
                                                  New York, NY 10016

                                                  Christina Hull, Esq. (*Pro Hac Vice Forthcoming*)
                                                  Georgia Bar No. 242539
                                                  Email: Christy.Hull@alston.com
                                                  Christopher Johnson, Esq. (*Pro Hac Vice Forthcoming*)
                                                  Georgia Bar No. 113494
                                                  Email: Chris.Johnson@alston.com
                                                  Phone: 404-881-7000
                                                  Facsimile: 404-881-7777
                                                  **ALSTON & BIRD LLP**
                                                  1201 W. Peachtree St., Suite 4900
                                                  Atlanta, GA 30309

                                                  ***Attorneys for Plaintiff***
                                                  ***Celsius, Inc.***